[597 NYS2d 369]

In the Matter of DAVID F. BROWN (Admitted as DAVID FAIN BROWN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 13, 1993

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Briscoe R. Smith* of counsel *(Davis, Scott, Weber & Edwards,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, David F. Brown, was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1966.

By indictment filed in the United States District Court for the Southern District of Florida on December 5, 1990, respondent was charged with mail fraud, in violation of 18 USC § 1341 (counts 1-50); interstate transport of persons in furtherance of a fraud, in violation of 18 USC § 2314 (counts 51-72); and conspiracy to commit offense or defraud United States, in violation of 18 USC § 371 (count 73). The charges stemmed from respondent's involvement with several others in a scheme promoting the sale of houses in Florida through misleading and false information about that State's housing market and property values.

Following a jury trial, respondent was convicted on August 5, 1992, of count 73 of the indictment, and on January 6, 1993, he was sentenced to a term of imprisonment of 60 months and ordered to pay restitution in the amount of $500,000.

By petition dated February 1, 1993, the Departmental Disciplinary Committee (Committee) seeks an order determining that the crime for which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (b) and 22 NYCRR 603.12 (b); suspending him from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing him to show cause, pursuant to Judiciary Law § 90 (4) (g), before the Committee why a final order of censure, suspension or disbarment should not be made. In response, respondent concedes that the crime for which he has been convicted is a "serious crime", but urges that his appeal, which will be heard in the fall 1993 term, is being diligently pursued, and that, irrespective of the outcome, he does not believe that his conviction should bar him from practicing law.

As is undisputed, respondent has been convicted of a "serious crime" for the purposes of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (see, Matter of Sparer, 131 AD2d 36, 37; Matter of Solomon, 126 AD2d 227, 228). Pursuant to Judiciary Law § 90 (4) (f), upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court must suspend said attorney from the practice of law until a final order is issued. Suspension may be set aside only upon good cause shown "when it appears consistent with the main-

tenance of the integrity and honor of the profession, the protection of the public and the interest of justice." *(Id.)* In addition, 22 NYCRR 603.12 (e) provides that "[t]he pendency of an appeal shall not be grounds for delaying any action under this section unless * * * this court or the Departmental Disciplinary Committee finds there are compelling reasons".

Respondent has failed to establish the existence of good cause or compelling reasons to set aside the suspension mandated by operation of law.

Accordingly, the petition is granted and respondent is suspended from the practice of law and directed to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

ROSENBERGER, J. P., ELLERIN, ROSS, ASCH and KASSAL, JJ., concur.

Petition granted insofar as to direct respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be entered and, pending the entry of such order, respondent is suspended from practice pursuant to Judiciary Law § 90 (4) (f), effective immediately, and until the further order of this Court.